# MARINE INSTALMENT LOAN NOTE AND SECURITY AGREEMENT

M & T Bank

No.: Date. 6/10/08

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | Amount Financed The amount of credit provided to me or on my behalf. | Total of Payments The amount I will have paid after I have made all scheduled payments. |
|---|---|---|---|
| 7.30 % | $ 20,264.40 | $ 30,825.00 | $ 51,089.40 |

My Payment Schedule will be: ... e means an estimate

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 180 | $ 283.83 | Monthly, beginning 7/10/08 |
| | $ | |

My Contract documents will have any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.

Security: I am giving a security interest in the Property being purchased.
Filing Fees: $ ()
Assumption. If the Property is to be used as a principal dwelling, someone buying the Property may not assume the remainder of the Agreement on the original terms.
Late Charge: If any part of a payment is more than 10 days late, I will be charged 15% of the full payment.
Prepayment: If I pay off early, I will not have to pay a penalty.

In this Agreement, the words "I", "me" and "my" mean each and all Borrowers who sign it, individually and together, including any Co-Signers.
The words "you", "your" and "Lender" mean M & T BANK, ONE FOUNTAIN PLAZA, P.O. BOX 767, BUFFALO, NY 14240.

SELLER: John A Yojanski (Name) 155 Libby Court (Address) Spotswood NJ 08884 (Zip Code)

SOURCE: Trident Funding Corporation (Name) 222 Severn Avenue Ste E, Annapolis MD 21403 (888) 386-3121 (Address) (Zip Code)

I am the BORROWER(S): Marianella S. Rosamilia (Name(s)) 96 High Street (Address(es)) Bloomfield, NJ 07003 (Zip Code(s))

**PROMISE TO PAY:** I promise to pay to Lender the principal amount of $ 30,825.00 U.S. plus interest at the rate of 7.30 % per year on the unpaid principal balance. I agree to make payments each month as described in the Payment Schedule above. I agree to pay all other amounts which may become due under this Agreement. I agree to make payments to the Lender at the place, or to send payments to the address, which the Lender, or any assignee to which this Agreement may be assigned, has most recently specified. The total cost of my purchase, including my downpayment of $ 3,415.00 is $ 54,504.40.

**OTHER CHARGES:** (a) Late Charge. I agree to pay a late charge for any payment not paid in full within 10 days of its due date. The late charge will be 15% of the full amount of the payment due. No late charge will be due, however, if the reason that the payment is late is either: (i) attributable to a late charge assessed on a prior payment, or (ii) because, after default by Borrower, the entire outstanding balance on this Agreement is due. No more than one late charge will be imposed for any single scheduled payment. (b) Returned Check Charge. I agree to pay a returned item charge of $20.00 if I make a payment with a check that is dishonored by the drawee.

**PROPERTY:** The boat and its extra equipment, described below, which are being purchased with the proceeds of this loan, or are securing this loan, are called the "Property" in this Agreement.

**PROPERTY INSURANCE:** I may choose the person through whom insurance is obtained, subject to your reasonable approval, against loss or damage to the Property and against liability arising out of the use or ownership of the Property. In this Agreement, I am promising to insure the Property and keep it insured.

**LENDER'S SINGLE INTEREST INSURANCE:** [ ] If box is checked, you require Lender's Single Interest Insurance. I may choose the person through whom Lender's Single Interest Insurance is to be obtained. This insurance is for the sole protection of the Lender and my interest is not covered. If obtained through you, the cost of such insurance is shown in the "Itemization of Amount Financed" in the box labeled "To LSI Insurance Company."

**SECURITY AGREEMENT:** To secure the payment of all sums due and the performance of all required obligations under this Agreement, I give to Lender a security interest in the boat and its extra equipment, as shown below, which are called the "Property" in this Agreement.
I understand that this interest covers all proceeds of, additions to, and substitutions for the Property. I give you permission to file a financing statement covering your security interest without my signature on it. In states which require my signature, I agree to execute any financing statement or related document you ask of me to cover your security interest in the Property. At your election, I further authorize you to sign my name to any financing statements you believe are necessary to perfect your security interest in the Property. In states where your security interest will be perfected by a notice of lien on a title, I agree to apply for an appropriate certificate of title showing your security interest. If the Property is a Documented Vessel of the United States, or a Vessel eligible for such documentation, I agree to do all things and sign and deliver all documents as you require, to enable you to obtain and maintain rights as a First Preferred Mortgage of Vessel under the Federal Ship Mortgage Act of 1920, and its successor enactments and amendments. You will then have all of the additional rights provided to you in the Mortgage of Vessel. The Property also secures advances made to protect your interest in the Property.
The Lender may set off any amounts due and unpaid under this Agreement against any of my money on deposit with Lender or any property held by Lender. This includes any money which is now or may in the future be deposited with Lender by me. Lender may do this without any prior notice to me.

**PROPERTY.**

| | New/Used | Inboard/Outboard | Year | Make or Name of Mfr. | Hull No / Serial No | Length / Horse Power | Weight |
|---|---|---|---|---|---|---|---|
| Boat Description | [ ] New [✓] Used | [ ] Inboard [ ] Outboard | 1993 | Grady White | NTLGA407C393 | 25' | |
| Motor Description | [ ] New [✓] Used | [ ] Inboard [✓] Outboard | 1993 | Mercury | n/a | 175 | |
| Motor Description | [ ] New [✓] Used | [ ] Inboard [✓] Outboard | 1993 | Mercury | n/a | 175 | |
| Motor Description | [ ] New [ ] Used | [ ] Inboard [ ] Outboard | | | | | |
| Boat Trailer Description | [ ] New [ ] Used | Serial No | | | Weight | | |

Other Equipment and Services Included (Itemize):

Name of Vessel: Home Port: Gross Tons: Net Tons:

Registration or ID Number: NJ4168FV
Winter Storage or Anchorage: Atlantic Highlands NJ
Summer Anchorage: Atlantic Highlands NJ

I must promptly advise you if I move the Property to a new Summer Anchorage or Winter Storage Location.

| Cash Price, Downpayment and Trade In / Refinance Amount |
|---|
| Cash Price (including accessories, services and taxes) $ 34,240.00 |
| Cash Downpayment $ 3,415.00 |
| Value of Trade In $ 0.00 |
| Lien Payoff $ 0.00 |
| Lien Payoff to: |

| Itemization of Amount Financed |
|---|
| To Seller / Creditor $ 30,825.00 |
| Including the Following: |
| For Licenses, Tags and Registration $ 0.00 |
| For Lien Fees $ 0.00 |
| For $ 0.00 |
| For $ 0.00 |
| For $ 0.00 |
| Amounts paid to others on my behalf* |
| To Credit Insurance Company* $ 0.00 |
| To LSI Insurance Company* $ 0.00 |
| To Property Insurance Company $ 0.00 |
| To $ 0.00 |
| To $ 0.00 |
| To $ 0.00 |
| Amount Financed $ 30,825.00 |

* You may be retaining a portion of these amounts

**THE ADDITIONAL PROVISIONS ON PAGES 2 AND 3 ARE PART OF THIS AGREEMENT.**



© [illegible]

EXHIBIT A

**HOW THE TOTAL OF PAYMENTS IS COMPUTED:** The Total of Payments is the sum of the Amount Financed and the Finance Charge. The Finance Charge consists solely of interest computed daily on the outstanding balance of the Amount Financed. The Finance Charge shown above has been computed on the assumption that you will receive all payments on their scheduled due dates.

**COMPUTING INTEREST:** You will charge interest on a daily basis on the outstanding balance subject to interest on each day. The daily interest rate is equal to the yearly rate divided by the number of days in that calendar year. The Finance Charge and Payment Schedule shown in the Truth in Lending Disclosure were based on the assumption that each payment will be made on its due date. Since interest is calculated on a daily basis, late payments will result in additional interest and early payments will result in less interest.

**APPLICATION OF PAYMENTS:** Lender will apply payments in the following order of priority: interest, late charges, fees, and then to principal. All regular payments will be applied to the satisfaction of scheduled payments in the order in which they become due.

**PREPAYMENT:** I have the right to prepay the unpaid balance in whole or in part without penalty. If I prepay the unpaid balance in part, I agree to continue to make regularly scheduled payments until I pay all amounts due under this Agreement.

**WAIVERS:**

a. **Waiver By Lender:** You waive the right to treat any property as security for the repayment of this Agreement, except for the Property and the other security specifically mentioned in this Agreement.

b. **Waivers By Borrower, Co-signer And Co-owner:** I agree to make all payments on or before the dates they are due without you having to ask. If I don't, you may enforce your rights without notifying me in advance. I give up any right I may have to require that you enforce your rights against some other person or property before you enforce your rights against me. I agree that you may give up your rights against some other person but not against me. I waive due diligence in collection and all defenses based on suretyship and impairment of collateral or security.

**INTEREST AFTER MATURITY AND JUDGMENT:** Unless prohibited by applicable law, interest at the rate provided in this Note shall continue to accrue on the unpaid balance until paid in full, even after (whether by acceleration or otherwise) maturity and/or if Borrower becomes a debtor in an action filed under the Bankruptcy Code, and/or if judgment is entered against Borrower for the amount due. If at any time interest as provided for in this paragraph is not permitted by law, interest shall, in that event and at that time, accrue at the highest rate allowed by applicable law. If the interest rate on this loan may change, the interest rate which will apply beginning on the date a lawsuit is filed by Lender shall be the interest rate in effect on that date or the interest rate stated in the "Borrower's Promise to Pay," whichever is less.

**MY PROMISES ABOUT YOUR SECURITY INTEREST:** I will not permit anyone other than you to obtain a security interest or other rights in the Property. I will pay all filing fees necessary for you to obtain and maintain your security interest in the Property. I will assist you in having your security interest noted on the Certificate of Title to the Property and/or in any Uniform Commercial Code Financing Statement, as you deem appropriate. I will not sell or give away the Property. If someone puts a lien on the Property, I will pay the obligation and clear the lien.

**MY PROMISES ABOUT THE PROPERTY:** I will keep the Property in good condition and repair. I will pay all taxes and charges on the Property. I will pay all costs of maintaining the Property. I will not abuse the Property or permit anything to be done to the Property which will reduce its value, other than for normal wear and use. I will not use the Property for illegal purposes or for hire or lease. I will not move the Property from my address shown on the front of this Agreement to a new permanent place of Anchorage or Storage without notifying you in advance.

**PROPERTY INSURANCE:** I must obtain Property (Hull or All Risk) Insurance. I may choose the person through whom insurance is obtained against loss or damage to the Property and against liability arising out of use or ownership of the Property. In this Contract, I am promising to insure the Property and keep them insured and to name you on the policy. If obtained through you, the cost of such insurance is shown in the "Itemization of Amount Financed" in the box labeled "To Property Insurance Company".

**MY PROMISES ABOUT INSURANCE:** I will keep the Property insured against fire, theft, collision and other sea hazards until all sums due you are paid in full. The insurance coverage must be satisfactory to you and protect your interests and my interests at the time of any insured loss. The insurance cannot be subject to a deductible amount greater than 2% of the value of the Property. The insurance must name you as "loss payee" on the policy. The insurance must be written by an insurance company qualified to do business in New York and licensed to sell insurance in the state where the Property is permanently anchored or stored. The insurance policy must provide you with at least 10 days prior written notice of any cancellation or reduction in coverage. On your request, I will deliver the policy or other evidence of insurance coverage to you. In the event of any loss or damage to the Property, I will immediately notify you in writing and file a proof of loss with the insurer.

a. **YOUR RIGHT TO FILE PROOF OF LOSS:** In the event of any loss or damage to the Property, if I fail or refuse to file a claim or proof of loss with the insurance company, either the Seller, any assignee, or yourself, or any authorized employee of any of them may file a proof of loss with the insurance company in my name and acting as my agent, with respect to the insured claim. I do not have the right to, and will not, revoke the power I have given to file a proof of loss. I agree that you may exercise this power for your benefit and not for my benefit, except as provided in this Contract and under law.

b. **YOUR RIGHT TO ENDORSE INSURANCE CHECKS:** The Seller, and assignee, yourself, or any authorized employee of any of you may endorse my name, acting as my agent, to any check, draft or other instrument we receive in payment of an insured loss or return of insurance premiums. I do not have the right to, and will not, revoke the power I have given to make my endorsement. I agree that you may exercise this power for your benefit and not for my benefit, except as provided in this Contract and under law.

c. **USE OF PROCEEDS:** You may apply any insurance proceeds you receive to repair or replace the Property if, in your opinion, it is economically feasible and I am not then in default of this Contract. Otherwise, you will apply the insurance proceeds to reduce the unpaid balance due you. After the balance due you is paid, any excess will belong to us.

**MY RIGHTS IF I BREAK MY PROMISES ABOUT THE SECURITY INTEREST, PROPERTY OR INSURANCE:** If I fail to pay filing fees, taxes or amounts necessary to keep the Property in good condition and repair, you may, if you choose, advance the sums necessary to protect your interest. If I fail to keep in force the required insurance and/or fail to provide evidence of such insurance to you, you may notify me that I should purchase the required insurance at my expense. If I fail to purchase the insurance within the time stated in the notice and/or fail to provide evidence of such insurance to you, you may purchase coverage under a Lender's Collateral Protection Policy to protect your interest in the balance due under this Agreement, to the extent permitted by applicable law, and charge me the cost of the premium and any other amounts you incur in purchasing the insurance. THE INSURANCE YOU PURCHASE MAY BE SIGNIFICANTLY MORE EXPENSIVE AND PROVIDE ME LESS COVERAGE THAN INSURANCE I COULD PURCHASE MYSELF.

If permitted by applicable law, any sums you advance on my behalf may be added to the balance on which you impose interest as provided in this Agreement. Such sums as you advance will be payable by me, as you alone may direct, as follows:

a. immediately on demand;

b. along with my monthly payment and my monthly payment will be increased accordingly;

c. at the end of the Agreement term; or

d. as provided for in a separate note or other credit instrument.

If you advance any amounts on my behalf, it will not cure my default. The rights stated in this paragraph are in addition to your rights stated in other paragraphs for my failure to keep my promises to you.

You may receive reasonable compensation for the services which you provide in obtaining any required insurance on my behalf. In certain states, the required insurance may be obtained through a licensed insurance agency affiliated with you. This agency will receive a fee for providing the required insurance. In addition, an affiliate may be responsible for some or all of the underlying insurance risks and may receive compensation for assuming such risks.

**DEFAULT:** In this paragraph, "I", "me" and "my" mean the Borrower, Co-Signer and Co-Owner, or any one of them. I will be in "Default" on this Agreement if any one or more of the following things happen:

a. I do not make any payment on or before it is due; or

b. I do not keep any promise I made in this Agreement; or

c. I do not keep any promise I made in another contract, note, loan or agreement with Lender; or

d. I made any untrue statement in the credit application for this Agreement; or

e. I committed any forgery in connection with this Agreement; or

f. I die, am convicted of a crime involving fraud or dishonesty, or am found by a court with jurisdiction to do so to be incapacitated; or

g. I file bankruptcy or insolvency proceedings; or anyone files bankruptcy or insolvency proceedings against me; or

h. I take the Property outside the United States without your written consent; or

i. I use the Property or allow someone else to use it in a way that causes it not to be covered by my insurance; or

j. I do something that causes the Property to be subject to confiscation by government Authorities; or

k. the Property is lost, stolen, destroyed or damaged beyond economical repair, and not fixed or found within a reasonable time; or

l. another creditor tries to take the Property or my money on deposit with you by legal process.

**YOUR RIGHTS IF I AM IN DEFAULT OF THIS AGREEMENT:** If I am in Default of this Agreement, you may enforce your rights according to law. You may also do the things specifically mentioned in this Agreement. You may do one of these things and at the same time or later do another. Some of the things you may do are the following:

a. **Acceleration:** You can demand that I pay to you the entire unpaid balance owing on the Agreement and all unpaid Finance Charges and other money due. I agree that I will pay this money to you in one single payment immediately upon receiving your demand.

b. **Repossession:** You can repossess the Property, unless prohibited by law. You can do this yourself, have a qualified person do it for you, or have a government official (by replevin) do it for you. I agree that you can peaceably come on to my property to do this. You may take any other things found in the Property, but will return those things to me if I ask. If I want those things back, I agree to ask you in a letter sent to you by certified or registered mail within 7 days after you repossess. If I do not send you this letter, I give up any claim to these things. I agree that you may use my trailer, if I have a trailer for the Property, and its license plate, in repossessing the Property and taking them to a place for storage.

c. **Voluntary Delivery:** You can ask me to give you the Property at a reasonably convenient place. I agree to give you the Property if you ask.

d. **Delay in Enforcement:** You can delay in doing any of these things without losing any rights.

**SOME THINGS I SHOULD KNOW IF YOU REPOSSESS THE PROPERTY:** If you repossess without using a governmental official (by replevin):

a. **Notice:** You will send me a Notice of Repossession to my last address you know about. This Notice will tell me how to buy back (redeem) the Property. I will NOT have the right to reinstate the Agreement. This means I will have to pay the total balance on the Agreement and other amounts due. I may not get the Property back by paying delinquent installments. This Notice will tell me other information required by law.

b. **Redemption:** I have the right to buy back (redeem) the Property at any time before you sell the Property. If I do not redeem, I give up all claims to the Property.

c. **Sale:** If I don't redeem, you will sell the Property. The money received at sale will be used to pay costs and expenses I owe, and then to pay the amount I owe on the Agreement.

d. **Surplus or Deficiency:** If there is money left, you will pay it to the Borrower. If there is not enough money from the sale to pay what I owe, Borrower and Co-Signer agree to pay what is still owed to you.

e. **Expenses:** I agree to pay the costs of repossessing, storing, repairing, preparing for sale and selling the Property as may be allowed by law.

**COMMUNICATIONS CONCERNING DISPUTED DEBTS: All communications concerning disputed debts, including any payments made by check and marked "payment in full", or with other restrictive endorsements or notices, tendered as full satisfaction of my balance, must be sent to: M&T Bank, Installment Loan Operations, One Fountain Plaza, Buffalo, New York 14203. I WILL NOT SEND COMMUNICATIONS CONCERNING DISPUTED DEBTS TO THE PLACE WHERE I SEND REGULAR MONTHLY PAYMENTS.**

**COLLECTION COSTS:** In the Event of Default, I agree to pay all your costs of collection, including reasonable attorneys' fees and actual court costs, to the extent permitted by law.

**NOTICES AND CHANGE OF ADDRESS:** Any notice you send me concerning this Agreement or my Property will be sent to my current mailing address shown in your records concerning this Agreement. You can send it by regular mail. Any notice I send or deliver to you concerning this Agreement must be in writing and be sent or delivered to M&T Bank, Installment Loan Operations, One Fountain Plaza, P.O. Box 787, Buffalo, New York 14240, or to any other address you specify.

**NO NOTICE OR LOSS OF RIGHTS:** You can exercise any right against any person or property without losing any right against me, the Property, my property or any other property belonging to me now or acquired by me in the future. To the extent permitted by applicable law, you can exercise the right without notifying me unless prohibited by applicable law. You can do any of the following without notifying me or losing any right against me, the Property, my property or any other property belonging to me now or acquired by me in the future: (a) give additional time for the payment of any amount payable to you by me in the future (regardless of the number of times you previously did so and regardless of the length of any additional time you previously gave); (b) give up, fail to exercise or delay exercising any right against any person or property; (c) fail to protect any interest in any

property, whether by failing to maintain any insurance, by failing to file any financing statement, by failing to be named on any Certificate of Title or in any other way.

For example, M&T Bank can sue me under this Agreement whether or not it (a) sues anyone else; (b) repossesses and sells my Property or (c) uses any money that has been or is deposited with it by me or anyone else to pay any amount payable under this Agreement but not yet paid.

**CONTINUED EFFECTIVENESS:** If any part of this Agreement is determined by a court to be invalid, the rest will remain in effect.

**ASSIGNMENT:** Borrower may not assign or otherwise transfer Borrower's rights under this Agreement to anyone else. Lender may sell, transfer or assign this Agreement, and any security agreement given to secure this Agreement, and Borrower's rights and obligations under this Agreement will continue unchanged.

**HEIRS AND PERSONAL REPRESENTATIVES BOUND:** The provisions of this Agreement shall be binding upon the Borrower, Co Signer and Co Owner, individually and together, and the heirs and personal representatives of each.

**GOVERNING LAW PROVISION:** This Agreement and its validity, construction and enforceability shall be governed by the laws of New York State, except to the extent that such laws have been preempted or superseded by federal law.

**NOTICE OF LIMITED AGENCY:** This is a loan, directly from you to me. For everybody's convenience, the Seller has been asked to complete the loan documents and obtain my signatures. However, the Seller does not have any authority to approve or make the loan. The Seller is not your agent with respect to the sale of the property being purchased with payment of trade-in arrangements or for any purpose whatsoever except for the preparation of and obtaining my signatures on this Agreement. Neither the Seller, nor any of its agents or employees, is authorized to make any promises regarding the loan. No oral or written promises or agreements between me and the Seller regarding the loan are enforceable. Any representations, promises, covenants or agreements between me and Seller regarding the property being purchased, any down payment or other matter in connection with the purchase must be resolved between me and the Seller. If there are any questions regarding the Seller's authority, please feel free to contact the Lender.

**ASSUMPTION:** If I am purchasing the Property for use as my principal dwelling, someone buying the Property from me may not assume the remainder of my obligations under this Agreement on its original terms.

**NOTICE — ANY HOLDER OF THIS CONSUMER CREDIT AGREEMENT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**NOTICE OF PROPOSED CREDIT INSURANCE**

The signer(s) of this Agreement hereby take(s) notice that Group Credit Life Insurance coverage or Group Credit Disability Insurance coverage or Group Credit Involuntary Unemployment Insurance coverage will be applicable to this Agreement if so marked on the Request and Schedule of Group Credit Insurance attached to this Agreement, and each such type of coverage will be written by the insurance company named. This insurance, subject to acceptance by the insurer, covers only the person or persons signing the request for such insurance. The amount of charge is indicated for each type of Credit Insurance to be purchased. The term of the insurance will commence as of the date the indebtedness is incurred and will expire after the term indicated. Subject to acceptance by the insurer and within 30 days, there will be delivered to the insured debtor(s) a certificate of insurance more fully describing the insurance. In the event of prepayment of the indebtedness, a refund of insurance charges will be made when due.

**BORROWER(S) ACKNOWLEDGE RECEIPT OF A COMPLETELY FILLED-IN COPY OF THIS AGREEMENT.**
Borrower agrees to be legally bound by all the terms and conditions of this Agreement. Each Borrower guarantees that the signature of any other Borrower is genuine.

X [signature] 96 High Street Bloomfield, NJ 07003
Borrower's Signature Mariancella S. Rosamilia Address

Borrower's Signature Address

**CO-SIGNER: I HAVE READ THE NOTICE TO CO-SIGNER, WHICH HAS BEEN GIVEN TO ME ON A SEPARATE FORM, BEFORE SIGNING THE CO SIGNER'S AGREEMENT.**
**CO-SIGNER'S AGREEMENT:** I, the person (or persons) signing below as "Co Signer", promise to pay to you all sums due on this Agreement and to perform all provisions in this Agreement. I intend to be legally bound by all the terms of this Agreement, separately and together, with the Borrower. I am making this promise to induce you to make this Agreement with the Borrower, even though you will use the proceeds only for the Borrower's benefit. I agree to pay even though you may not have made any prior demand for payment on the Borrower or exercised your security interest.
I also acknowledge receiving a completed copy of this Agreement.

X
Co-Signer's Signature Address Date

X
Co-Signer's Signature Address Date

**CO-OWNER'S SECURITY AGREEMENT:** The Co Owner, together with the Borrower(s) give Lender a security interest in the Property. Co Owner agrees to the terms of the Security Agreement and all other parts of this Agreement except the "Promise to Pay" section. Co Owner assumes no personal obligation to pay this loan.

Type or print name of Co Owner ........ Co Owner's Signature ........ Date ........

Type or print Co Owner's Address ........

ACKNOWLEDGMENT

State of N J Individual or Corporation

County of [handwritten]

On 6/10/2005 before me, [handwritten] Notary Public (here insert name and title of the officer), personally appeared [handwritten] personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed this instrument.

WITNESS my hand and official seal

Notary Signature [signature] (Seal)

MUBASHAT MUGHAL
Notary Public of New Jersey
My Commission Expires Sep. 30, 2006

 ©2005 BANCONSUMER SERVICE, INC




Acct 100-
4888948 000)